Chakdes J. Beckiktella, J.
This is a motion pursuant to section 193-b of the Civil Practice Act to allow the United States of America to intervene in an action pending in this court. The pending action is by a subcontractor, against contractors and the owner of real property, to foreclose a mechanic’s lien for the purchase price of bricks furnished to the contractors and used for the improvement of the owner’s real property.
The United States of America seeks to intervene in the action to assert tax liens which it holds against a contractor who is one of the defendants. The Government contends that these tax liens have priority over the mechanic’s lien.
In Aquilino v. United States (2 A D 2d 747, motion for leave to appeal denied 2 A D 2d 810) the Government contended that the tax lien it held against a general contractor was superior to mechanic’s liens asserted by subcontractors who had contracted with the general contractor to furnish labor and materials for the improvement of the real property against which the mechanic’s liens were asserted. The court held that there was no debt due from the owner to the general contractor to which the Government’s lien might attach; that the subcontractors had acquired an interest in the real property to the extent of the value of the labor and materials which the subcontractors had furnished for the improvement of the real property and that by filing their notices of lien the subcontractors had perfected their rights to such interest; that section 56 of the Lien Law accords to the lienor priority in payment of a judgment over the person for whom the lienor has labored or furnished materials and that the Federal Government was in no better position in relation to the fund deposited in court by the owner to the credit of the actions to foreclose the mechanic’s liens than the general contractor would have been, had its right to recover against the owner of the real property not been subject to the Government’s tax lien.
Although the notice of motion does not specify the subdivision of section 193-b upon which the Government relies, it would appear to be paragraph (d) of subdivision 1 which accords the right to intervene ‘ ‘ when the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody of, or subject to the control of or disposition by, the court or an officer thereof.”
The Appellate. Division has held in the Aquilino (supra, p. 748) case on facts exactly paralleling the instant controversy that there is “ no debt due from [the owner] to [the general contractor] to which the [Government’s] lien may attach ’ ’. Therefore it cannot be said that the Government will be adversely *304 affected by a distribution of the funds represented by the undertaking posted by the owner of the real property since the Government has no right in that fund. In any case, it would be a vain act to allow the Government to intervene since, on the authority of Aquilino v. United States (supra), the Government’s contentions must be rejected ultimately.
There is no merit to the contention of the Government that Aquilino v. United States, can be distinguished from the instant controversy on the ground that in the Aquilino case the owner deposited money into court, whereas in the instant matter the owner has filed an undertaking.
Accordingly, the motion to intervene is denied. Settle order on notice.